# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:01CR86-V

| | |
|---|---|
| ANGELO DEMOND DAVIS (2), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Hearing On Appointment On [sic] New Counsel On Grounds of Ineffective Assistance of Counsel," filed October 25, 2005.

On May 8, 2001, Defendant was charged by way of Bill of Indictment with conspiracy to possess with intent to distribute cocaine and cocaine base. Subsequently, on April 15, 2002, pursuant to a Plea Agreement with the Government, Defendant entered a plea of guilty to the charge in the Bill of Indictment. This Court sentenced Defendant on March 17, 2003 to 210 months imprisonment. Judgment was entered on April 14, 2003. Defendant did not exercise his right to a direct appeal nor has he filed for post-conviction relief under 28 U.S.C. § 2255.

Defendant now files this Motion, which is riddled with allegations regarding his attorney's ineffective assistance of counsel. Since Defendant contends that his sentence was erroneously imposed and he is entitled to a modification of his sentence, the Court construes Defendant's Motion pursuant to 28 U.S.C. § 2255. However, Defendant did not reference Section 2255 in his Motion. Therefore, the Court will provide Defendant with thirty (30) days in which to notify the

1

Court as to whether he wants the current Motion construed as a Section 2255 motion.

Defendant is advised, however, that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255 to add a one-year limitation period. In relevant part, § 2255 now provides that "[t]he limitation period shall run from the latest of: (1) the <u>date on which the judgment of conviction becomes final</u> ; (2) the date on which the impediment to make a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Defendant's judgment became final on April 14, 2003, when the Judgment and Commitment was filed by the Court. Therefore, in order to maintain a Section 2255 claim, Defendant had to file a Motion by April 14, 2004. Defendant did not file a Section 2255 motion within the limitations period.

Although Defendant's Section 2255 motion, would he choose to have the Court construe his current Motion as such, is untimely filed, the Fourth Circuit has found in such cases that the district court must offer the defendant an opportunity to explain why an apparently untimely Section 2255 motion is subject to some exception. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *see also McMillan v. Jarvis*, 332 F.3d 244, 248 (4th Cir. 2003) (concluding that *Hill*'s notice requirement extends to both *pro se* habeas petitioners and those represented by counsel).

2

Therefore, if Defendant chooses to have the Court construe his "Motion for Hearing On Appointment On [sic] New Counsel On Grounds of Ineffective Assistance of Counsel" as a Section 2255 motion, the Court would permit Defendant to provide additional documentation to support his Section 2255 motion, and to offer an explanation as to why his untimely Section 2255 motion is subject to an exception to the limitations period.

**IT IS, THEREFORE, ORDERED** that the Court **DEFERS RULING** on Defendant's "Motion for Hearing on Appointment On [sic] New Counsel On Grounds of Ineffective Assistance of Counsel."

**Defendant is notified that he has until January 16, 2005 to notify the Court as to whether he wants his current Motion construed pursuant to Section 2255.** If Defendant does not so notify the Court, the Court will construe Defendant's "Motion for Hearing on Appointment On [sic] New Counsel On Grounds of Ineffective Assistance of Counsel" as a Section 2255 motion, and render an Order accordingly.

In view of the possibility that this motion may ultimately be construed as one pursuant to Section 2255, **Defendant is hereby notified that he should explain to the Court why his motion should not be considered untimely filed.**

The Clerk is directed to send copies of this Order to Defendant, defense counsel, and the attorney for the United States.

**Signed: December 14, 2005**

Richard L. Voorhees
United States District Judge