UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV22-V-1
(3:01CR86-V)

| | |
|---|---|
| ANGELO DEMONTE DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence," filed January 17, 2006.

A review of the subject Motion to Vacate, along with certain pertinent Court records reflects that on May 1, 2001, Petitioner was charged by way of Bill of Indictment with conspiracy to possess with intent to distribute cocaine and cocaine base. Subsequently, on April 15, 2002, pursuant to a Plea Agreement with the Government, Petitioner entered a plea of guilty to the charge in the Bill of Indictment. On March 17, 2003, this Court sentenced Petitioner to 210 months imprisonment. Petitioner did not appeal either his conviction or sentence.

On October 25, 2005, Petitioner filed a "Motion for Hearing on Appointment of Counsel on Grounds of Ineffective Assistance of Counsel." After reviewing Petitioner's motion this Court concluded that it was most properly construed as a motion to vacate, set aside, or correct sentence and in accordance with United States v. Emmanuel, 288 F. 3d

644 (4th Cir. 2002), this Court notified Petitioner that he had until January 16, 2005, to notify the Court as to whether he wanted his current filing to be construed as a motion to vacate. In that same Order the Court noted that in all likelihood any motion to vacate filed by Petitioner was untimely but provided him with an opportunity to explain why his petition was not untimely. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002)(requiring notice to pro se Defendant prior to summary dismissal of untimely 28 U.S.C. §2254 petition).

In response to the Court's December 14, 2005, Order, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. Petitioner argues that his motion is timely filed because he was unaware of any statute of limitations involving the filing of this action." Ignorance of the law is not a basis for equitable tolling. Consequently, for the reasons set forth in the Court's December 14, 2005, Order, this Court concludes that Petitioner's Motion to Vacate is untimely.[1]

---

[1] The Court notes that Petitioner appears dissatisfied with the fact that his February and March letters in 2004 were not converted to motions to vacate. First, the Court notes that there is no obligation upon a district court to convert unlabeled or mislabeled letters or motions into motions to vacate. Second, the Court notes that in its May 2004, response to these letters the Court informed Petitioner that ineffective assistance of counsel claims are generally heard in § 2255 motions which have a one-year limitation period. Nevertheless, Petitioner did not file anything further until over one year after the Court's letter. Indeed it appears from Petitioner's December 21, 2005, filing as if Petitioner wanted to "save" his § 2255 option for a later date.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED.**

```
Signed: January 31, 2006
```

Richard L. Voorhees
Chief United States District Judge